IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WENDELL GRIFFIN   *
                  *
                  *
v.                *   Civil No. – JFM-13-3387
                  *
BALTIMORE POLICE DEPARTMENT   *
******

**MEMORANDUM**

Plaintiff has brought this action under 42 U.S.C. §1983, alleging that defendants violated his federal constitutional rights (as articulated in *Brady v. Maryland*, 373 U.S. 83 (1963) and *Goodwin v. Metts*, 885 F.2d 157 (4th Cir. 1989)), by failing to disclose to him exculpatory evidence. Defendants have filed a motion to dismiss on the ground that plaintiff's conviction has not been set aside and that the action is therefore barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants' motion will be granted.

Plaintiff was convicted of the murder of James William Wise and gun related charges on April 22, 1981. On February 2, 2012, plaintiff filed a Motion for Leave to Reopen Post Conviction and for Post Conviction Relief based upon information that he had discovered in police files he obtained pursuant to the Maryland Public Information Act indicating that two eyewitnesses failed to identify him in three photo arrays conducted by the police and other witness statements that contradicted the eyewitness testimony introduced at his trial. On May 23, 2012, the Honorable Gail Rasin of the Circuit Court for Baltimore City, Maryland, indicated that she was prepared to order a new trial, and she granted an unopposed motion reducing plaintiff's sentenced to time served. Plaintiff was freed but placed on three years of unsupervised probation. Plaintiff's conviction remains standing.

1

*Heck v. Humphrey* held that a Section 1983 action arising out of an allegedly unconstitutional conviction or imprisonment cannot be instituted unless the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Black letter application of that holding clearly would entitle defendants to the dismissal they seek. However, the continuing validity of the *Heck* holding as to prisoners who have been released from custody has been drawn into question by the Supreme Court's subsequent decision in *Spencer v. Kemna*, 523 U.S. 1, (1988). In *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), the Fourth Circuit arguably joined the circuit courts that are of the view that a plaintiff may obtain relief under Section 1983 even if she or he has not met the "favorable determination" requirement set by *Heck*. Nevertheless, for three reasons I am of the view that *Heck* applies here and that plaintiff's Section 1983 claim is barred.

First, although plaintiff is no longer incarcerated, he presently is on probation. Although this probation is unsupervised, he is still under certain obligations imposed upon him by the terms of his probation. For example, were he to commit another violation of the law, he could be prosecuted not only for that violation but also for a violation of probation. Arguably, therefore, he still is "in custody" and therefore must seek habeas relief.

Second, plaintiff's conviction remains standing. He had ample opportunity during the thirty years he was incarcerated to file a state habeas petition and, if that petition were unsuccessful, to file a federal Section 2255 action. Nothing prevented him from obtaining during the period of his incarceration the information that led to the reduction of his sentence. Thus,

both theoretically and practically, he could have obtained state relief or, if that relief was not granted, federal review of his claims.

Third, *Wilson v. Johnson*, upon plaintiff heavily relies, arose from the court's perception that the plaintiff there "would be left without any access to federal court if his Section 1983 claim was barred." Here, as previously indicated, plaintiff had ample opportunity to seek federal review of the claims that he asserts in his Section 1983 action prior to his release from incarceration. Therefore, it is not clear that *Wilson* applies here. *See Bishop v. County of Macon*, 484 Fed. Appx. 753, 755 (4th Cir. 2012); *Ballenger v. Owens*, 515 Fed. Appx. 192, 195 (4th Cir. 2013).

A separate order of dismissal is being entered herewith.

Date:  May 21, 2014         /s/
                            J. Frederick Motz
                            United States District Judge